UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEREMY W. HARRIS

        Petitioner,　　　　　　　　　　　**ORDER**

    -v-　　　　　　　　　　　　　　　　　6:23-CV-06032-EAW
　　　　　　　　　　　　　　　　　　　　　6:15-CR-06169-EAW
UNITED STATES,

        Respondent.
_____

## INTRODUCTION

*Pro se* petitioner Jeremy W. Harris ("Petitioner") is challenging his conviction in this Court pursuant to 28 U.S.C. § 2255.  (Dkt. 50).[1]  Petitioner pleaded guilty pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to one count of Hobbs Act Robbery (Dkt. 27; Dkt. 28), and—consistent with the terms of the plea agreement—he was sentenced to 151 months in prison on August 23, 2016 (Dkt. 35; Dkt. 36).  For the reasons stated in the Court's February 7, 2023 Order (Dkt. 52), Petitioner was directed to show cause why the petition should not be dismissed as untimely.  Petitioner filed a response stating that his "mental comprehension impairments" leave him "unable to personally understand the need to timely file" a habeas petition "or prepare and effectuate its filing."  (Dkt. 53 at 1).

Petitioner's argument is without merit and therefore the petition is dismissed as untimely for the reasons stated below.

---

[1] All references to the docket ("Dkt.") in this Order are to the docket in Criminal Action No. 6:15-CR-06169 EAW.

**DISCUSSION**

I.    **Statute of Limitations**

As set forth in the Court's February 7, 2023 Order, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for filing a § 2255 petition. The limitation period shall run from the latest of:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, the judgment of conviction was entered on August 25, 2016 (Dkt. 36), and the Second Circuit Court of Appeals affirmed Petitioner's conviction on February 28, 2018. *See United States v. Harris*, 712 F. App'x 108, 110 (2d Cir. 2018). Petitioner's conviction became final when his petition for a writ of certiorari was denied by the United States Supreme Court on October 1, 2018. *See Harris v. United States*, 139 S. Ct. 126, 127 (2018); *see generally Rosa v. United States*, 785 F.3d 856, 859 (2d Cir. 2015) ("[T]he Supreme Court has held that '[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari . . . .'"). The instant

petition was signed on January 9, 2023, more than four years after the judgment became final.

Petitioner alleges that the statute of limitations does not bar his petition "because through the exercise of due diligence from my defense my claims that Hobbs Act Robbery is not a crime of violence categorically could have been discovered." (Dkt. 50 at 11). He alleges that this Court was "wrongfully advised by both the defense and the government" that his instant conviction for Hobbs Act robbery was a crime of violence and that he received an "unwarranted career offender enhancement" at sentencing. (*Id*. at 4, 11).

Because the petition failed to indicate why Petitioner could not have raised his claims within the limitations period, or that the basis of his argument could not have been discovered through the exercise of due diligence, the Court directed Petitioner to submit a § 2255 Timeliness Response Form entitled, "Petitioner's Response as to Why the Motion Is Not Time-Barred Under 28 U.S.C. § 2255." (Dkt. 52). Petitioner was advised to include any additional information bearing on the Court's determination of the limitations issue, including any basis for equitable tolling. (*Id*.). In his response, Petitioner states that he has "mental comprehension impairments" that cause him to be "unable to personally understand the need to timely file" a habeas petition "or prepare and effectuate its filing." (Dkt. 53 at 1). He further states that he received legal assistance from a fellow inmate from December 8, 2022, to February 16, 2023. (*Id*.).

II.   **Equitable Tolling**

"In certain circumstances, a court may excuse a defendant's delay in filing a motion pursuant to 28 U.S.C. § 2255 under the doctrine of equitable tolling." *United States v. Valpais*, No. 05 CIV 4373 DC, 2007 WL 1998942, at *4 (S.D.N.Y. July 10, 2007) (citing

*Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)). "[B]ut its application 'requires an extraordinary obstacle preventing the petitioner from complying with AEDPA's limitations period.'" *Rabbani v. United States*, 156 F. Supp. 3d 396, 403 (W.D.N.Y. 2016) (quoting *Rosa*, 785 F.3d at 861 n.5). "To equitably toll the one-year limitations period, a petitioner must show that extraordinary circumstances prevented him from filing his petition on time, and he must have acted with reasonable diligence throughout the period he seeks to toll." *Id*. (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

Mental incapacity can serve as a ground for equitable tolling of the one-year statute of limitations for filing habeas petitions in "extraordinary circumstances." *Griffin v. Doe*, 71 F. Supp. 3d 306, 312 (N.D.N.Y. 2014); *see also Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (holding that mental illness can warrant equitable tolling of a statute of limitations in the habeas context). However, "the question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case-specific." *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000). "To establish extraordinary circumstances" on this basis, "the party seeking equitable tolling must support his allegations with evidence; he cannot rely solely on personal conclusions or assessments." *Valpais*, 2007 WL 1998942, at *5. A "conclusory and vague claim, without a particularized description of how [the mental] condition adversely affected [petitioner's] capacity to function generally or in relationship to the pursuit of [his] rights, is manifestly insufficient to justify any further inquiry into tolling." *Boos*, 201 F.3d at 185.

Here, Petitioner's claim of mental impairment is vague and conclusory. He fails to specify the nature of his mental impairment and how it affected his ability to file the petition within the one-year statute of limitations and the three years since this period expired.

*See*, *e.g.*, *Boos,* 201 F.3d at 185 (denying equitable tolling where the plaintiff made conclusory, vague statement that she suffered from mental illness, including paranoia, panic attacks, and depression); *Valpais*, 2007 WL 1998942, at *5 (allegations of "history of severe psychiatric problems" and "being mentally unsound" were too vague to demonstrate mental incapacity for purposes of equitable tolling (alterations omitted)).

Moreover, to the extent that Petitioner is alleging that having below-average intelligence prevented him from "understand[ing] the need to timely file" his petition (Dkt. 53 at 1), "courts have in general found that and similar conditions insufficient to constitute extraordinary circumstances."  *Green v. Sheehan*, No. 1:12-CV-0665 MAT, 2014 WL 338832, at *4, 6 (W.D.N.Y. Jan. 30, 2014) (finding that a history of reading disability, "low I.Q.," and mental health treatment did not substantiate claim of "mental deficiency that severely impaired [petitioner's] ability to comply with the statutory deadline, despite his diligent efforts to comply with that deadline"; collecting cases holding that reading disabilities, illiteracy and/or ignorance of law do not constitute extraordinary circumstances that would justify equitable tolling); *see also Adger v. McArthy*, No. 19-CV-6743-FPG, 2020 WL 3871343, at *4 (W.D.N.Y. July 9, 2020) (finding that petitioner failed "to demonstrate his mental illness or disability was an extraordinary circumstance preventing him or limiting his ability to timely file the Petition"); *Samo v. Keyser*, 305 F. Supp. 3d 551, 557 (S.D.N.Y. 2018) (noting that low I.Q. and "[l]ack of education . . . by themselves . . . do not suffice as 'extraordinary circumstances'"), *report and recommendation adopted*, No. 17-CV-5043(RJS), 2018 WL 4565143 (S.D.N.Y. Sept. 21, 2018).

Finally, Petitioner offers nothing to suggest that he acted with any reasonable diligence during the period he seeks to toll. Thus, even if he was able to present evidence of extraordinary circumstances based on his mental impairment, the failure to "exercise[] reasonable diligence in attempting to file after the extraordinary circumstances began [breaks] the link of causation between the extraordinary circumstances and the failure to file . . ., and the extraordinary circumstances therefore did not prevent timely filing." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

In sum, the Court finds that Petitioner's Timeliness Response does not show that (1) extraordinary circumstances prevented him from filing the petition on time or (2) that he acted with due diligence during the period he seeks to toll. Accordingly, Petitioner has not established that he is entitled to equitable tolling.[2]

## **CONCLUSION**

For the foregoing reasons, the petition is dismissed as untimely. No certificate of appealability shall issue because Petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Clerk of Court shall enter judgment and close Civil Action No. 6:23-cv-06032.

---

[2] To the extent that the untimely petition can be construed to raise the claim that Petitioner is "actually innocent" of the career offender sentencing enhancement, "[t]he Supreme Court has made clear that the actual innocence exception is very narrow and is concerned with actual as compared to legal innocence. The exception, therefore, does not apply where the petitioner merely makes a legal argument." *Gilliam v. United States*, No. 3:20CV848 (JCH), 2022 WL 2047437, at *3 n.1 (D. Conn. June 7, 2022) (quoting *Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013)). Where, as here, petitioner "makes an essentially legal argument that he is innocent of the sentencing enhancement because the district court misclassified his predicate offenses under the Guidelines[,] [t]his argument is insufficient to trigger the actual innocence exception." *Darby*, 508 F. App'x at 71.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   April 17, 2023
         Rochester, New York